UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY DACOSTA GREENRIDGE,

    Plaintiff,

v.                                     Case No. 8:25-cv-927-KKM-TGW

FLORIDA DEPARTMENT OF
REVENUE, et al.,

    Defendants.

_____

# ORDER

Pro se Plaintiff Tony Dacosta Greenridge sues the Florida Department of Revenue, Misty Lyn Flowers Leach, Andreia Harris, Quianna Maxwell, and Kwanzaa Goodwin. Am. Compl. (Doc. 5). Greenridge moves for alternative service as to Leach because he has been unable to serve her. Mot. for Alt. Serv. (Doc. 6) (MAS). I deny the motion for the reasons below.

Under Federal Rule of Civil Procedure 4(e)(1), "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Florida law allows for service

by publication (constructive service), only in certain types of actions and if the plaintiff submits a sworn statement showing an adequate search to locate the defendant. *Giron v. Ugly Mortg., Inc.*, 935 So. 2d 580, 582 (Fla. 3d DCA 2006) (citing § 49.011, Fla. Stat.). "[B]ecause the lack of personal service implicates due process concerns, a plaintiff must strictly comply with the statutory requirements." *Redfield Invs., A.V.V. v. Village of Pinecrest*, 990 So. 2d 1135, 1138 (Fla. 3d DCA 2008).

As a threshold matter, although the plaintiff references Florida statute § 48.161(3) (which authorizes substituted service on the Florida Secretary of State), it appears his motion seeks alternative service in the form of publication under § 49.021. *See* MTA at 3. But this action, which consists of fraud allegations, *see* Am. Compl. (Doc. 5), does not fall within the kinds of cases that Florida law permits service by publication, such as property and family law causes of action. *See* § 49.011. And even if this action did fall within one of those categories, the plaintiff did not submit the required diligent-search affidavit. *Castro v. Charter Club, Inc.*, 114 So. 3d 1055, 1060 (Fla. 3d DCA 2013).

If the plaintiff wishes to proceed with substituted service under Florida Statutes § 48.161, he must comply with the statutory requirements. Substituted

2

service requires serving the Florida Secretary of State, *id.* § 48.161(1), notifying the party of that service, *id.* § 48.161(2), and filing an affidavit of compliance with the court within forty days of serving the Secretary of State (or within such additional time as the court allows), *id.*; *see also id.* § 48.161(3) (providing that § 48.161(1) and (2)'s provisions apply "[w]hen an individual or a business entity conceals its whereabouts"). In the affidavit, the party must explain "the facts that justify substituted service under this section and that show due diligence was exercised in attempting to locate and effectuate personal service on the party before using substituted service." *Id.* § 48.161(2); *see id.* § 48.161(4) (explaining the standard for due diligence).

  Even if the plaintiff proceeds with substituted service, it does not appear that he has so far exerted due diligence in locating Leach, nor that she has concealed her whereabouts. He attempted to serve Leach only once by certified mail and subsequently moved for alternate service. MTA at 2. This is plainly insufficient. *See, e.g., Robb v. Picarelli*, 319 So. 2d 645, 647 (Fla. 3d DCA 1975) (finding that the plaintiff made sufficient attempts at service after the plaintiff employed "private detectives," checked "the Florida Registry of Motor Vehicles, the National Crime Center and various local police departments," and contacted the defendant's family

3

member.); *MSR Media Skn Ltd. v. Khan*, No. 8:24-CV-1248-KKM-AAS, 2024 WL 4728372, at *3 (M.D. Fla. Oct. 25, 2024). And aside from not updating her address—which could easily be explained as inadvertent on her part—the plaintiff has not shown any facts indicating a deliberate attempt by Leach to conceal her whereabouts.

Accordingly, the plaintiff's Motion for Alternative Service (Doc. 6) is **DENIED**. The plaintiff must effectuate service on all defendants no later than **July 14, 2025**.

**ORDERED** in Tampa, Florida, on June 6, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge