**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TONY DACOSTA GREENIDGE,

      Plaintiff,

v.                              Case No. 8:25-cv-927-KKM-TGW

FLORIDA DEPARTMENT OF
REVENUE et al.,

      Defendants.

_____

## ORDER

Pro se Plaintiff Tony DaCosta Greenidge alleges a decades-long conspiracy involving multiple state agencies, employees, banks, and private citizens with the goal of depriving him of his inheritance through improper child-support enforcement, identity theft, and the murder of his mother. Five of the defendants move to dismiss. For the reasons below, I dismiss all federal claims against all parties, and all state-law claims against the government defendants. Because I lack jurisdiction and otherwise decline to exercise supplemental jurisdiction, dismissal is without prejudice as to all but the Florida agency employees. I deny Greenidge's motion for sanctions and motions for default judgment as moot. I deny the New York Office of Temporary and Disability Assistance's motion to strike as moot.

## I.    BACKGROUND

Greenidge, a New York resident, claims to be "the rightful heir" to the $1.2 million estate of his mother, Coral Greenidge. *See* Third Amended Complaint (TAC) (Doc. 70) ¶¶ 4, 20–21; Compl. (Doc. 1) ¶ 21. Greenidge is the co-executor of Coral's estate, along with his half-sister Suzette Sobers Hyndman. TAC ¶ 14; Compl. ¶ 9. According to Greenidge, Suzette is "the mastermind" of a "criminal enterprise" that seeks "to deprive [Greenidge] of his inheritance through fraudulent child support enforcement, identity theft, and ultimately the murder of Coral Greenidge." TAC ¶¶ 14, 22. The allegations break down into roughly two categories, state child support enforcement and wrongdoing by private individuals and banks targeting Coral.

As to the first category, Greenidge alleges that the Florida Department of Revenue (FL DOR) conspired with Suzette, Misty Lyn Flowers Leach— whom Greenidge describes as "the purported mother of [his] alleged children"—and Misty's relative, Michelle L. Flowers, to violate Greenidge's civil rights through a "fraudulent child support case." TAC ¶¶ 6, 10, 290–296. According to Greenidge, the conspiracy began in 2006 when the FL DOR began child support proceedings, which ultimately led to an "unsigned and invalid" family support order. *See* TAC ¶¶ 26, 73. Greenidge's state-action claims arise out of Florida's, New York's, and Georgia's efforts to enforce the order and collect child support payments. *See* TAC.

The second series of allegations are against natural persons and banks. Greenidge accuses Suzette and Ryan Hyndman and Dr. Hirendrakumar Dave of participating in the murder of Coral in 2023, TAC ¶¶ 228–247, and alleges wrongdoing by HSBC Bank USA and GEICO Insurance Company related to efforts to steal and launder money from Coral's estate, TAC ¶¶ 255–267.

Greenidge filed this action on April 14, 2025. *See* Compl. The initial complaint brought claims only against the FL DOR, its employees, and Flowers Leach. *See id.* I dismissed the complaint as a shotgun pleading with leave to amend because the complaint failed to connect any facts to the several federal statutes listed and was "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See* (Doc. 4) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015)).

Greenidge filed an amended complaint, and eventually moved to file a second amended complaint, *see* (Doc. 34), which the Court granted, (Doc. 46), directing Greenidge to file a single complaint with "all claims and parties." Greenidge did so, and added as defendants several natural persons, multiple banks, as well as New York and Georgia state agencies. *See* Second Amended Complaint (Doc. 47). This Court dismissed the complaint as a shotgun pleading and granted leave to file a third amended complaint, *see* (Doc. 48), which Greenidge did out of time, *see* (Doc. 53). Still, I accepted it, and later directed

3

Greenidge to re-file the document because it was missing significant portions of text, *see* (Doc. 67).

In the operative complaint, Greenidge names fifteen defendants and brings thirty-seven counts. *See* TAC. He sues the FL DOR under Section 1983 (due process) (Count I), for common law abuse of process (Count IX), and for conspiracy to violate civil rights under Section 1985 (Count XXXVII). In addition to the FL DOR, the Section 1985 conspiracy claim is also brought against Suzette, Misty, and Michelle. He sues the New York Department of Taxation and Finance under Section 1983 (due process) (Count VI), 28 U.S.C § 1738B (Count VIII), and for false imprisonment (Count XIII). He sues the Georgia Department of Human Services under Section 1983 (due process) (Count V), 28 U.S.C. § 1738B (Count VIII), for false imprisonment (Count XIV), and for evidence tampering (Count XXVI). He sues FL DOR employees in their individual capacities under Section 1983 (due process) (Counts II–IV) and the New York Office of Temporary and Disability Assistance (NY OTDA) under Section 1983 (due process) (Count VII).

The remainder of the claims allege state-law torts against natural persons and banks, including Suzette, Dante, and Ryan Hyndman, Dr. Hirendrakumar Dave, HSCBC Bank USA, N.A., and GEICO Insurance

4

Company.[1] *See* TAC. The counts include common law abuse of process, malicious prosecution, intentional infliction of emotional distress, negligence, fraud, defamation, witness intimidation, evidence tampering, wrongful death, conversion, and unjust enrichment. *See id.*

Greenidge invokes federal question jurisdiction under 28 U.S.C. § 1331 and "supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367." *Id.* ¶¶ 1–2. He does not invoke diversity jurisdiction. *See id.* Nor does he allege the defendants' citizenship. *See* TAC ¶¶ 4–19.

The FL DOR, Florida state employees, the NY OTDA, and Michelle Flowers move to dismiss all claims against them. (Docs. 54, 77, 90, 104). Misty answered the complaint. Flowers Leach Ans. (Doc. 16). The remaining defendants have not appeared. The clerk entered default against Suzette, Ryan, and Dante Hyndman, *see* (Docs. 97–99), and the Magistrate Judge denied Greenidge's motion for default against Dr. Hirendrakumar, *see* (Doc. 122).

---

[1] Greenidge also filed "supplemental allegations" of violations of federal fraud, conspiracy, and identity theft statutes. See (Doc. 107). I do not address these claims, which Greenidge attempted to add without leave in violation of Rule 15.

## II.   LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 8(a)(2)

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

### B. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Evaluating plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* (quoting FED. R. CIV. P. 8(a)(2)). Likewise, "the tenet that a court

6

must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. "[A] court considering a motion to dismiss can choose to begin by identifying" when a pleading is merely a "legal conclusion couched as a factual allegation" and thus "not entitled to the assumption of truth." *Id.* at 678–79.

## III.   ANALYSIS

The Third Amended Complaint is a shotgun pleading in that Greenidge alleges multiple violations under a single count. *See, e.g.*, TAC ¶¶ 25–31. Nonetheless, I evaluate the claims in the interest of finality.

As a general matter, many (if not all) of the claims are conclusory and vague. While courts "hold pro se pleadings to a less stringent standard," *Terry v. McGee*, No. 25-12825, 2026 WL 1257293, at *1 (11th Cir. May 7, 2026) (per curiam), they "must still suggest that there is at least some factual support for a claim," *id.* (quoting *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017)). A court "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Id.* (quoting *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020)).

I grant the motions to dismiss in part, except for Michelle Flowers's motion, which I deny as moot. I grant the FL DOR's and NY OTDA's motions in part in that I dismiss all claims without prejudice because I lack jurisdiction. I grant the employees' motion in full. I sua sponte dismiss all claims against

the Georgia Department of Human Services and the New York Office of Taxation and Finance without prejudice as frivolous. Likewise, I sua sponte dismiss the Section 1985 claim without prejudice as against the private defendants. Last, I decline to exercise supplemental jurisdiction over the remaining state law claims, which are all against private parties.

## A. Florida Department of Revenue

Greenidge brings three counts against the FL DOR, Count I under Section 1983, Count XXXVII under Section 1985, and Count IX under the common law for "abuse of process." The factual allegations for Counts I and IX mirror one another. *See id.* ¶¶ 25–33, 78–83. Greenidge alleges that the FL DOR "initiated and maintained a fraudulent child support case against [him] beginning in 2006." *Id.* ¶ 26. He also avers that it "failed to credit payments made directly to Misty Flowers," "created a fictitious 'arrears' balance in [his] child support account," improperly suspended his passport, and "coordinated with other state agencies (Georgia, New York) to suppress [him] across state lines." *Id.* ¶¶ 6, 27–33. For the Section 1985 claim, the only factual allegations that mention the FL DOR are that it generally conspired with the other defendants and that it listed Suzette as an interested party in its disclosure form. *See id.* ¶¶ 290, 294–95.

The FL DOR moves to dismiss the claims against it based on the *Rooker-Feldman* doctrine, sovereign immunity, and the statute of limitations, among other grounds. *See* FL MTD (Doc. 54). I grant the motion.

Beginning with *Rooker-Feldman*, the "doctrine bars cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Mignott v. State Bar of Ga. Found., Inc.*, 146 F.4th 1095, 1098 (11th Cir. 2025) (citation modified).

The FL DOR avers that Greenidge's "grievances stem exclusively from the state court child support case," and that, "[b]y challenging his child support payments, [Greenidge] is effectively asking this Court to review and overturn the final judgment of a state court." FL MTD at 5. The argument reaches too far. *Rooker-Feldman* "does not block claims that require some reconsideration of a decision of a state court if the plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021) (citation modified).

Although Greenidge is vague regarding the specific actions that underlie his claims, he seeks money damages based on the FL DOR's "initiat[ing] and maintain[ing]" the case. *See* TAC; *id.* (Prayer for Relief). Under Eleventh Circuit precedent, this relief does not entail "review and rejection of a state

court judgment," and *Rooker-Feldman* does not bar his claims. *Behr*, 8 F.4th at 1214 ("[C]laims that seek only damages for constitutional violations of third parties—not relief from the judgment of the state court—are permitted [by *Rooker-Feldman*].") (citation modified). Further, Greenidge does not maintain that the state court itself broke the law such that his "due process challenge boils down to a claim that the state court judgment itself caused him constitutional injury." *See Efron v. Candelario*, 110 F.4th 1229, 1237 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 1958 (2025) (citation modified). What is more, Greenidge disavows any allegation of wrongdoing that occurred before the state court judgment. *See* Resp. to FL MTD (Doc. 59) at 2. *Rooker-Feldman* does not preclude my review.

Next, I dismiss all claims based on sovereign immunity. *See* FL MTD at 6. "States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Schultz v. Alabama*, 42 F.4th 1298, 1314 (11th Cir. 2022) (citation modified).

The FL DOR correctly argues that sovereign immunity applies to Greenidge's Section 1983 and Section 1985 claims under the Eleventh Amendment. *See* FL MTD at 6. "Congress has not abrogated Eleventh Amendment immunity in 42 U.S.C. §§ 1981, 1983, or 1985 cases, and Florida

10

has not waived its Eleventh Amendment immunity in federal civil rights actions." *Henry v. Fla. Bar*, 701 F. App'x 878, 880 (11th Cir. 2017) (per curiam).

Greenidge does not dispute that his claims are barred under the Eleventh Amendment. *See* Resp. to FL MTD at 2. Instead, he attempts to amend his complaint by seeking "prospective relief" under *Ex Parte Young*. *See* Resp. to FL MTD at 2; TAC (Prayer for Relief) (seeking monetary damages without mention of injunctive relief). A plaintiff cannot amend a complaint in a response brief. *See Hawkins v. Nationstar Mortg. LLC*, No. 8:24-CV-437-KKM-AAS, 2026 WL 874152, at *1 (M.D. Fla. Mar. 31, 2026). Even if Greenidge sought leave to amend, I would deny the request as unwarranted and futile. Greenidge already sought injunctive relief in previous complaints and dropped the request. *See, e.g.*, Am. Compl. (Doc. 5) at 14–15 (asking the Court to order the removal of passport restrictions and direct the FL DOR to correct child support records). *Ex Parte Young* relief cannot be sought against a state agency. *See Schultz*, 42 F.4th at 1314 (explaining that *Ex Parte Young* claims are only permitted against state officials). The third amended complaint does not identify any impending enforcement action. Last, to the extent Greenidge might seek injunctive relief against already-pending actions, I would invoke *Younger* abstention. *See Jimenez v. Wizel*, 644 F. App'x 868, 871 n.2 (11th Cir. 2016) (per curiam) (declining to provide injunctive relief from a state-court order "suspending time-sharing with his children" because "[t]he

11

state judicial proceedings remain ongoing, implicate important state interests in the family, and there remains adequate opportunity for [the plaintiff] to raise his constitutional challenges throughout the ongoing proceedings as well as the state appellate courts"); *cf. Higdon v. Fulton County*, 746 F. App'x 796, 801 (11th Cir. 2018) (per curiam) (explaining that a district court could not "bar the state court from entering additional orders in [a plaintiff's] divorce and custody case" because "district courts are barred from restraining ongoing state civil proceedings" under *Younger* abstention).

The FL DOR invokes immunity with respect to all claims, but does not make a specific argument regarding immunity for the common law "abuse of process" claim. To the extent (if any) that sovereign immunity does not bar the claim, dismissal is warranted because the claim is frivolous. "A claim for abuse of process relies upon the use of the courts by *private parties*." *Mika v. Rollins Coll.*, No. 6:25-CV-1110-JSS-RMN, 2026 WL 679128, at *8 (M.D. Fla. Mar. 11, 2026) (emphasis added) (citation modified). Greenidge attempts to sue the state for abuse of its own processes.

I dismiss all counts against the FL DOR (Counts I, IX, and XXXVII) without prejudice.

## B. NY OTDA

Greenidge sues the New York Office of Temporary and Disability Assistance (NY OTDA) under Section 1983 for violating "due process" (Count

12

VII). He alleges that it "participated in a jurisdictional shell game to avoid federal court scrutiny," contests its jurisdiction, and conclusorily claims that it deprived him "of due process and equal protection." *See* TAC ¶¶ 67–69. The NY ODTA moves to dismiss on multiple grounds, including sovereign immunity. *See* NY MTD (Doc. 90). I grant the motion in part and dismiss Count VII without prejudice. *See Bell v. Kaleida Health*, No. 25-366-CV, 2025 WL 2938354, at *2 (2d Cir. Oct. 16, 2025) ("New York has not waived its sovereign immunity for damages under § 1983."). Greenidge seeks "leave to amend to substitute the proper state official for prospective relief." Resp. to NY MTD (Doc. 91) at 1. I deny the request for the same reasons I would deny leave to amend the claims against the FL DOR.

## C. Florida State Agency Employees

Greenidge sues FL DOR employees Andreia Harris, Quianna Maxwell, and Kwanzaa Goodwin (the employees) in their individual capacities, alleging that they "participated in maintaining the fraudulent child support case," though he does not explain how. TAC ¶¶ 35, 42, 48. The only specific action alleged is that Harris violated the Health Insurance Portability and Accountability Act (HIPAA) "by faxing [Greenidge's] Social Security number" to a bank in 2017. *Id.* ¶ 36.

The employees move to dismiss based on Greenidge's failure to comply with Court deadlines, failure to state a claim, the statute of limitations, and qualified immunity. *See* Harris MTD (Doc. 77).

Greenidge untimely responded to the motion without seeking leave. *See* Resp. to Harris MTD (Doc. 58). Although Greenidge previously contested the employees' statute of limitations argument, *see* (Doc. 21) at 2, he does not raise any objection in the instant response, *see* Resp. to Harris MTD. Instead, he insists that qualified immunity is unwarranted based on a new factual allegation that a Child Protective Services (CPS) worker (who might or might not work for the state of Florida) attempted to coerce a nonparty in 2025. *See id.* at 2–3. How the allegation relates to Greenidge is unclear, but Greenidge insists that "discovery will further illuminate the role of each individual CPS worker." *Id.* at 3.

Dismissal of the claims with prejudice is appropriate for multiple reasons. Both this Court and the defendants (in previous motions to dismiss) put Greenidge on notice of the need to make specific, nonconclusory allegations. *See, e.g.*, (Doc. 14) at 11. The only specific allegation is the disclosure of his social security number in 2017. *See* TAC ¶ 36. This falls outside the statute of limitations, whether it is two or four years. *See Cadle v. Judd*, No. 8:25-CV-2790-KKM-SPF, 2026 WL 1004604, at *4 (M.D. Fla. Apr.

14

14, 2026), *certification granted, judgment modified*, No. 8:25-CV-2790-KKM-SPF, 2026 WL 1429356 (M.D. Fla. May 21, 2026).

Even if the statute of limitations did not bar Greenidge's claims, dismissal would still be justified because Greenidge plainly fails to state his claims, which are conclusory, implausible, and frivolous. *See* Harris MTD at 7, 11. Greenidge provides no specific allegations of wrongdoing other than the HIPAA violation, which has no discernable connection to this suit. *See id.* at 13. Greenidge does *not* allege that the employees failed to credit payments—only the FL DOR as a whole. But even if he had, the allegations of a conspiracy beginning in 2006 to deprive Greenidge of an inheritance following the death of his mother that occurred seventeen years later are implausible. *See* TAC. Even assuming there was a failure to credit support payments, Greenidge "has alleged no facts that plausibly support the inference that the defendants were collectively" targeting him, "as opposed to the 'obvious alternative explanation' that they were simply" unaware of the payments that Greenidge—per his own allegations—made directly to Flowers. TAC ¶ 86; *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1212 (11th Cir. 2020) (quoting *Twombly*, 550 U.S. at 567) (citation modified); *see also Saunders v. Neighborhood Rest. Partners, LLC*, No. 8:25-CV-985-KKM-NHA, 2026 WL 437286, at *4 (M.D. Fla. Feb. 17, 2026) (granting motions to dismiss based in part on implausibility).

15

Because this is Greenidge's third amended complaint, I dismiss Counts II, III, and IV with prejudice.

### D. New York Department of Taxation and Finance and the Georgia Department of Human Services

The remaining government defendants are the New York Department of Taxation and Finance (NY DTF) and the Georgia Department of Human Services, which Greenidge accuses of furthering the fraudulent scheme by enforcing the Florida child support order. *See* Counts VI, VIII, XIII, XIV, XXVI. The allegations include failing to credit child support payments, TAC ¶ 74, suspending his license without due process, *id.* ¶ 54, issuing "a fraudulent warrant based on identity theft," *id.* ¶ 61, and that Greenidge "was confined or restrained without legal justification," *id.* ¶¶ 122, 127. The false imprisonment allegations are based on alleged "warrants and suspensions that restricted [Greenidge's] liberty," and suspension of Greenidge's driver's license. *Id.* ¶¶ 120, 128.

I sua sponte dismiss without prejudice all claims against both agencies for failure to prosecute and frivolousness. *See Vega v. Kahle*, No. 23-12065, 2025 WL 3540349, at *5 (11th Cir. Dec. 10, 2025) (per curiam) ("[O]ur precedent establishes that a court may exercise its inherent power to dismiss a suit without giving the party who brought the case notice and an opportunity to respond if amending the complaint would be futile, or the complaint is

16

patently frivolous.") (citing *Surtain v. Hamlin Terrance Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015)).

First, it appears that Greenidge failed to properly serve the defendants. "Service on a state or on a state-created governmental organization may be effected by following the pertinent state's service-of-process rules or by 'delivering a copy of the summons and of the complaint to its chief executive officer.'" *Ryzhov v. Fla.*, 861 F. App'x 301, 303 (11th Cir. 2021) (per curiam) (quoting FED. R. CIV. P. 4(j)).

Greenidge purported to serve both agencies via certified mail addressed to each agency. *See* Proof of Service (Doc. 74) at 3–4. Neither state permits service in this manner. *See Swanson v. Georgia*, No. CV 121-020, 2022 WL 193726, at *2 (S.D. Ga. Jan. 20, 2022) (explaining that "neither Rule 4 nor Georgia law allows service by certified mail" and that Georgia law requires that claims against the state be delivered to the Georgia governor); *Sutter v. Dibello*, No. 18-CV-817(SJF)(AKT), 2021 WL 930459, at *8 (E.D.N.Y. Mar. 10, 2021) ("[T]o effect service on a [New York] state agency, a party must follow one of two methods[,] either: (i) personally serve the chief executive of that agency or his or her designee; or (ii) serve the chief executive by certified mail, return receipt requested and personally serve the attorney general or an assistant attorney general at the attorney general's office." (citation modified)).

17

This Court has repeatedly reminded Greenidge of his obligations to serve process under Rule 4. *See* (Docs. 7, 49).

Even if Greenidge had effected service, dismissal would still be appropriate. The claims are conclusory, vague, and frivolous for reasons including those explained in Subsection C. Likewise, any failure to credit payments appears to be based on the allegation against the FL DOR. And Greenidge provides no plausible, non-conclusory basis for the false imprisonment claims or evidence tampering. *Cf. Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1042 (11th Cir. 2006) (affirming a district court's denial of leave to amend and explaining that "[t]he liberal amendment policy of Rule 15(a) does not countenance . . . the use of the federal courts as a forum for testing alternate legal theories"). Counts VI, VIII, XIII, and XIV are dismissed without prejudice.

### E. Section 1985 Claim

I sua sponte dismiss without prejudice Count XXXVII for conspiracy to violate civil rights under Section 1985 as to all remaining defendants because it is frivolous and I lack subject matter jurisdiction.

Greenidge alleges that Suzette, Flowers Leach, Michelle Flowers, and the FL DOR "conspired to deprive [Greenidge] of his civil rights" through "child support fraud." TAC ¶ 290. Greenidge alleges that "Suzette orchestrated the fraud, as admitted by Tahra: 'Aunti Su told her,'" *id.* ¶ 291, that Misty and

18

Suzette conspired to "maintain the fraudulent child support case," *id.* ¶ 292, and that "[a]ll agencies coordinated with Suzette" to "facilitate the theft of the $1.2 Million+ estate," *id.* ¶ 295.

The only remotely non-conclusory and specific allegation is that the FL DOR listed Suzette as an "interested party" on its Certificate of Interested Parties and Corporate Disclosure Statement, which Greenidge insists demonstrates "the connection between the child support fraud and the estate theft." *Id.* ¶ 293. The claim is patently without merit. The disclosure form requires a party to list "any other person or entity that has or might have an interest in the outcome of the action." *See* (Doc. 29) at 2. Parties routinely list other parties, and Greenidge named Michelle as a party.

Further, to prevail on a Section 1985(3) claim, a plaintiff must "allege the defendant conspired . . . for the purpose of depriving any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." *Dean v. Warren*, 12 F.4th 1248, 1255 (11th Cir. 2021) (citation modified). The claim must pertain to "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, at 267–68 (1993)). Greenidge does not allege such animus or offer a single fact that hints at such animus. On the contrary, any specifics he does allege are imminently personal. *See* TAC. Thus, this claim is "wholly insubstantial and frivolous." *See Resnick*

*v. KrunchCash*, LLC, 34 F.4th 1028, 1035 (11th Cir. 2022) (explaining that, "[i]n order to deprive the district court of federal question jurisdiction over [a] claim, . . . Plaintiffs' factual or legal support for at least one of [the claim's] elements [must] lacks plausible foundation, thus rendering the claim wholly insubstantial and frivolous").

I dismiss Count XXXVII without prejudice as to Suzette, Flowers Leach, and Michelle Flowers.

### F. Michelle Flowers

Michelle Flowers, proceeding pro se, moves to dismiss the claims against her. *See* M. Flowers MTD (Doc. 104). She contests only the factual allegations without making legal arguments. *See id.* Nonetheless, as explained above, I sua sponte dismiss the Section 1985 claim, including as against her. I also decline to exercise supplemental jurisdiction over the remaining state-law claim against her for unjust enrichment (Count XXXVI). Accordingly, Michelle's motion is denied as moot.

### G. Supplemental Jurisdiction

The only claims that remain are state-law torts against natural persons and corporate entities. "Accordingly, having dismissed all federal claims, and noting that [Greenidge] has not asserted diversity jurisdiction, I decline to exercise supplemental jurisdiction over [Greenidge's] [remaining] state-law

20

claims." *Hyppolite v. Citi Residential Lending, Inc.*, No. 08-62022-CIV, 2009 WL 1109320, at \*4 (S.D. Fla. Apr. 24, 2009); *see* 28 U.S.C. § 1367(c)(3).

### IV.    CONCLUSION

Accordingly, the following is **ORDERED**:

1.    The Florida Department of Revenue's Motion to Dismiss (Doc. 54) is **GRANTED IN PART**. Counts I, IX, and XXXVII as to the FL DOR are **DISMISSED** without prejudice.

2.    The New York Office of Temporary Disability Assistance's Motion to Dismiss (Doc. 90) is **GRANTED IN PART**. Count VII is **DISMISSED** without prejudice. Its prior Motion to Dismiss (Doc. 81) and Motion to Strike (Doc. 124) are **DENIED** as moot. Greenidge's request for leave to amend Count VII is **DENIED**.

3.    Andreia Harris's, Quianna Maxwell's, and Kwanzaa Goodwin's Motion to Dismiss (Doc. 77) is **GRANTED**. Counts II, III, and IV are **DISMISSED** with prejudice.

4.    Count XXXVII is **DISMISSED** without prejudice as to Suzette Sobers Hyndman, Misty Lyn Flowers Leach, and Michelle Flowers.

5.    All claims against the New York Department of Taxation and Finance and the Georgia Department of Human Services (Counts VI, VIII, XIII, XIV, and XXVI) are **DISMISSED** without prejudice.

6.  The Clerk's Entries of Default as to Dante, Ryan, and Suzette Hyndman (Docs. 97, 98, and 99) are **VACATED**.

7.  The remainder of the claims (Counts X–XII, XV–XXV, XXVII–XXXVI), are **DISMISSED** without prejudice.

8.  Michelle Flowers's Motion to Dismiss (Doc. 104) is **DENIED** as moot.

9.  Plaintiff Greenidge's Motions for Default Judgment (Docs. 108, 109, and 110) are **DENIED** as moot.

10.  Plaintiff Greenidge's Motion for Sanctions (Doc. 118) is **DENIED**.

11.  The Clerk is directed to **ENTER** judgment, which shall read "This case is dismissed. Counts II, III, and IV are dismissed with prejudice. The remaining counts are dismissed without prejudice." The clerk is further directed to terminate any pending motions, hearings, and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, June 9, 2026.

Kathryn Kimball Mizelle
United States District Judge